**OVERSEAS MEDIA, INC., Winburgh Holdings, Ltd., and OOO Novyi Russkii Serial, Plaintiffs–Appellants,**

v.

**Sergei SKVORTSOV, and OOO Fenix Film, Defendants–Appellees.**

Nos. 06–4095–cv (L), 07–2952–cv (CON).

United States Court of Appeals, Second Circuit.

May 8, 2008.

Robert P. Haney (Bradley J. Nash, on the brief), Covington & Burling LLP, New York, NY, for Appellants.

Gerard A. Riso (Mark I. Chinitz, of counsel), Stein Riso Mantel, LLP, New York, NY, for Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

Appellants appeal from a January 3, 2006 decision of the district court dismissing the action against defendant OOO Fenix Film ("Fenix") for lack of personal jurisdiction, *Overseas Media, Inc. v. Skvortsov,* 407 F.Supp.2d 563 (S.D.N.Y. 2006), and a July 27, 2006 decision of the district court dismissing the action against defendant Sergei Skvortsov based on forum non conveniens, *Overseas Media, Inc. v. Skvortsov,* 441 F.Supp.2d 610 (S.D.N.Y. 2006). We assume the parties' familiarity with the facts and procedural history of the case.

## I. Personal Jurisdiction

We review the district court's dismissal of the action against Fenix for lack of personal jurisdiction de novo. *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 242 (2d Cir.2007). Where, as here, jurisdictional discovery has taken place, plaintiffs'

"*prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990). "[This] *prima facie* showing must be factually supported." *Id.* "The amenability of an out-of-state corporation to suit in a federal district court is determined by the law of the state in which the district court sits." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 102–03 (2d Cir.2006). We thus apply New York law. The district court properly found that it did not have personal jurisdiction over Fenix because Fenix did not fall under either provision of the New York statute: general jurisdiction under N.Y. C.P.L.R. 301 or long-arm jurisdiction under N.Y. C.P.L.R. 302.

Section 301 codifies the "doing business" standard whereby a foreign corporation is subject to personal jurisdiction in a New York court if it does business in the state. To meet this standard, the foreign corporation must be "do[ing] business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir.2000) (internal quotation marks omitted). The plaintiff "must show that a defendant engaged in continuous, permanent, and substantial activity in New York." *Id.* (internal quotation marks omitted). Factors considered include (1) the existence of an office in New York, (2) the solicitation of business in the state, (3) the presence of bank accounts or other property in the state, and (4) the presence of employees of the foreign de-

---

* The Honorable Mark R. Kravitz, United States District Court Judge for the District of Connecticut, sitting by designation.

fendant in the state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985).

■ The district court properly concluded that Fenix did not meet the standard set forth in section 301 because the facts did not support that Fenix had engaged in a systematic and continuous course of business in New York; rather Fenix's activity in New York was best characterized as isolated and casual. *See Overseas Media, Inc.,* 407 F.Supp.2d at 570. Fenix has no office, no bank accounts nor property, no mailing address, and employs no personnel in the United States. Although Fenix's Head of Sales made phone- and email-based sales overtures to Overseas Media regarding rights to other Fenix television programs (not *Nastoyashie Menty* ), the overtures never resulted in a sale. Skvortsov, as the president of Fenix, has engaged in limited work for Fenix while in New York. Fenix generates, however, only 1.9% of its revenue outside Russia, and only 0.022% of total revenue is attributable to New York. Based on review of these facts, we agree with the district court that Fenix has not engaged in a continuous, permanent, or substantial course of business in New York such that jurisdiction would be proper under section 301. *See Wiwa,* 226 F.3d at 95.

The district court also properly found that Fenix could not be subject to personal jurisdiction pursuant to the New York long-arm jurisdiction statute, N.Y. C.P.L.R. 302. Section 302(a) provides:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

Plaintiffs argue that Fenix should be subject to personal jurisdiction under either sections 302(a)(2), 302(a)(3)(i), or 302(a)(3)(ii). We consider each in turn.

■ We agree with the district court's determination that Fenix did not commit a tortious act within the state to subject it to personal jurisdiction under section 302(a)(2). *See Overseas Media, Inc.,* 407 F.Supp.2d at 571–74. First, the two alleged offers to sell rights to *Nastoyashie Menty* were not tortious acts committed within the state because the defendants were not physically present in New York when they committed the putative tort. *See Bensusan Rest. Corp. v. King,* 126 F.3d 25, 29 (2d Cir.1997). It is undisputed that the offerors were both located in Russia when they made the offers. Second, the creation and production of *Nastoyashie Menty* cannot constitute the tortious acts committed in New York because plaintiffs fail to make any factually sup-

ported averments that would give rise to the inference that Skvortsov's presence in New York during the time in which he conceived of *Nastoyashie Menty* suggests that he created it in New York. *See Ball,* 902 F.2d at 197.

■ Finally, the district court properly found that Fenix did not fall under section 302(a)(3) as having committed a tortious act without the state that caused injury to a person or property within the state. *See Overseas Media, Inc.,* 407 F.Supp.2d at 574–78. Assuming that Fenix did commit a tortious act without the state, plaintiffs have failed to show what injury resulted to a person or property within the state. As to the out-of-state tort, plaintiffs point to the two offers that Fenix allegedly made to Overseas Media to sell it the rights to broadcast *Nastoyashie Menty* in the United States. Even assuming these do constitute tortious acts without the state, it is not clear what injury would be caused to plaintiff Overseas Media in New York. Governing New York law requires some sort of actual injury such as lost sales or lost customers, and in some cases anticipated injury is enough for purposes of section 302(a)(3). *See Sybron Corp. v. Wetzel,* 46 N.Y.2d 197, 413 N.Y.S.2d 127, 385 N.E.2d 1055, 1059–60 (1978). Plaintiffs have failed to allege any economic injury and thus their efforts to assert personal jurisdiction over Fenix pursuant to section 302(a)(3) are unavailing.

## II. Forum Non Conveniens

"We review the district court's grant of dismissal for *forum non conveniens* deferentially for abuse of discretion." *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir.2005). "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or

(2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Id.* (internal quotation marks omitted).

■ To determine whether to dismiss an action based on forum non conveniens, the district court must apply a three-step inquiry. *Id.* First, the court must determine "the degree of deference properly accorded the plaintiff's choice of forum." *Id.* Second, the court must "consider[ ] whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute." *Id.* And finally, a court must "balance[ ] the private and public interests implicated in the choice of forum." *Id.* The district court here properly applied this inquiry, and we conclude that its decision to dismiss the action against Skvortsov based on forum non conveniens was not an abuse of discretion.

As to the plaintiffs' choice of forum, the district court found that although the chosen forum was one plaintiff's home forum, because the other two plaintiffs were foreign, the plaintiffs' choice of forum overall deserved less deference. *Overseas Media, Inc.,* 441 F.Supp.2d at 615–17. It is well established that a foreign plaintiff's choice of forum deserves less deference, *see Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71–72 (2d Cir.2001) (en banc) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)), because the deference afforded a plaintiff in his or her home forum is one based on convenience. Here, plaintiffs have not shown how this forum would be more convenient for the parties. Indeed, as the district court found, the "inconvenience of this forum is quite clear" because the disputes regarding the ownership of the rights in question turn on Russian contracts based on Russian law, the witnesses and evidence are in Russia, and the rele-

vant documents will have to be translated from Russian. *Overseas Media, Inc.*, 441 F.Supp.2d at 617. There was no abuse of discretion in the district court's conclusion that plaintiffs' choice of forum was entitled to some deference, but less deference than if they were not foreign plaintiffs.

As to an alternative forum, the district court found that Russia was an adequate alternative forum for this action because Skvortsov was amenable to service of process there. *Id.* at 617–18. An alternative forum is adequate "if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Norex Petroleum Ltd.*, 416 F.3d at 157 (quoting *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir.2003)). It is undisputed that Skvortsov, as a Russian citizen, is amenable to service of process in Russia. Plaintiffs argue, however, that a Russian court could not grant the relief they seek, namely, injunctive relief and damages for injury to their businesses in the United States. The district court relied on the fact that at least one of the plaintiffs in this action is also involved in a related infringement action pending in Russia to conclude that the Russian courts would permit litigation of the subject matter in dispute. We find no abuse of discretion in the district court's finding that Russia would provide an adequate alternative forum.

Finally, as to the private and public interests, the district court found that both weighed in favor of dismissing the action. *Overseas Media, Inc.*, 441 F.Supp.2d at 618–20. This final step of the forum non conveniens analysis requires the court to consider the private and public interest factors discussed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Iragorri*, 274 F.3d at 73–74. The private factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839). This requires "a comparison between the hardships defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *Id.* at 74. The public factors include congestion in the courts, interests of forums in "having localized controversies decided at home," interest in not imposing jury duty on people in a community that has no interest in the litigation, and the appropriateness of the application of foreign law. *Id.* (quoting *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839).

The district court properly found that the private interest weighed in favor of dismissal because the witnesses and evidence are concentrated in Russia and because most of the documentary evidence would have to be translated from Russian to English. The district court also properly found that the public interest weighed in favor of dismissal. There was no evidence presented that Russian courts are particularly congested, and because the case presents issues of Russian law, there is a Russian interest in having the matter adjudicated in a Russian forum. We conclude, therefore, that the district court's decision to dismiss the action against Skvortsov based on forum non conveniens was not an abuse of discretion.

We have considered all of appellants' other arguments and find them to be without merit. For the reasons stated above,

the judgment of the district court is AF-FIRMED.